```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DEBRA A. BARRILE,

                    Plaintiff,                    06-CV-6612

v.                                                **DECISION
                                                  And ORDER**

JO ANNE BARNHART,
COMMISSIONER OF
SOCIAL SECURITY,

                    Defendant.
_____
```

INTRODUCTION

Plaintiff, Debra Barrile ("Barrile" or "plaintiff") brings this action pursuant to the Social Security Act, codified at 42 U.S.C. § 405(g) and 1383(c)(3), seeking review of a final decision of the Commissioner of Social Security, denying her application for Disability Insurance Benefits. Specifically, Barrile alleges that the decision of an Administrative Law Judge ("ALJ") who heard her case was erroneous because it was not supported by substantial evidence contained in the record, or was legally deficient and therefor is entitled to judgment on the pleadings.

The Commissioner moves for judgment on the pleadings on the grounds that the ALJ's decision was correct, was supported by substantial evidence, and was made in accordance with applicable law.

BACKGROUND

On May 17, 2000 plaintiff Debra Barrile, a 43 year old, filed an application for disability insurance benefits claiming that she had become unable to work as a letter carrier as of May 4, 1999 because of disabling injuries sustained as the result of a car accident she claims that she suffered from mild depression, herniated discs at the C5-6 and C6-7 levels, degenerative disc disease of the cervical spine, cervical and lumbrosacral strain, and cervical, thoracic and lumbar subluxations.  (Tr. 13, 74-76, 197, 239, 236).  The application was denied initially and on reconsideration by the State Disability Determination Service. (Tr. 33, 35-38). Plaintiff requested an administrative hearing which was held on February 5, 2002, at which hearing plaintiff was represented by an attorney.  (Tr. 11-18).

On the basis of the hearings and the medical record, the ALJ found that although Barrile suffered from the severe impairments of herniated discs at the C5-6 and C6-7 levels, degenerative disc disease of the cervical spine, cervical and lumbrosacral strain, and cervical, thoracic and lumbar subluxations, she did not suffer from any condition or combination of conditions that were equivalent or more severe than any of the listed impairments identified in the Listing of Impairments, Appendix 1, Subpart P, Regulation No. 4.  (Tr. 15, 17).  The ALJ held that although the plaintiff cannot perform any past relevant work, she can perform a

full range of sedentary work and therefore is not disabled. (Tr. 15-18). On November 8, 2002 Barrile's appeal of the ALJ's decision to the Appeals Council was denied, and on February 18, 2003 plaintiff filed this action. (Tr. 5-6).

## DISCUSSION

I. Jurisdiction and Scope of Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Disability Insurance Benefits. That section also directs that when considering such a claim, the court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record. Substantial evidence is defined as " such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Section 405(g) thus limits the court's scope of review to determining whether or not the Commissioner's findings are supported by substantial evidence. See, Mongeur v. Heckler, 722 F.2d 1033, 1038 (2nd Cir. 1983) (finding that the reviewing court does not try a benefits case de novo). The court is also authorized to review the legal standards employed by the Commissioner in evaluating the plaintiff's claim.

"Though [the court] must credit an ALJ's findings if supported by substantial evidence, we retain a responsibility to conduct a searching inquiry and to scrutinize the entire record, having in

mind that the Social Security Act…is remedial in purpose." citing McBrayer v. Secretary of Health and Human Services, 712 F.2d 795, 798-99 (2nd Cir. 1983); Dousewicz v. Harris, 646 F.2d 771, 773 (2nd Cir. 1981). Defendant asserts that his decision was reasonable and is supported by the evidence in the record, and moves for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Under Rule 12(c), judgment on the pleadings may be granted where the material facts are undisputed and where judgment on the merits is possible merely by considering the contents of the pleadings. Sellers v. M.C. Floor Crafters, Inc., 842 F.2d 639 (2nd Cir. 1988). If, after a review of the pleadings, the court is convinced that "the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief," judgment on the pleadings may be appropriate. See, Conley v. Gibson, 355 U.S. 41, 45-46 (1957). Because the court determines that the findings of the Commissioner are supported by substantial evidence judgment on the pleadings is hereby granted for the defendant.

    II.    <u>The Commissioner's decision to deny Plaintiff benefits was supported by substantial evidence on the record.</u>

The ALJ determined based on the evidence in the record that plaintiff did not suffer from a disability under the Social Security Act. A disability is defined by 42 U.S.C. § 423(d) as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which

can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months…" 42 U.S.C. § 423(d) (1991).  The ALJ determined that plaintiff was not engaged in substantial gainful activity; that plaintiff had herniated discs at the C5-6 and C6-7 levels; that she had degenerative disc disease of the cervical spine, cervical and lumbrosacral strain, and cervical, thoracic and lumbar subluxations that are severe impairments; that plaintiff's conditions either individually or in combination with her other impairments did not meet or equal one of the listed impairments in Appendix 1, Subpart P, Regulation No. 4; that plaintiff did not have the capacity to perform her past work, and that plaintiff retained the functional capacity to perform jobs that exist in significant numbers in the national economy including light work activities. (Tr. 26-27).

The ALJ's Residual Functioning Capacity assessment finding that the plaintiff is able to engage in the full range of sedentary work is supported by substantial evidence in the record.  The ALJ determined that the plaintiff is unable to lift objects weighing more than twenty pounds, engage in repetitive bending, lifting, twisting, heavy lifting, pulling, pushing, tugging or repetitive neck motion and cannot sit, stand or walk for more than six hours. (Tr. 15).  This determination incorporates the conclusion of treating physician, Dr. James White, that the plaintiff may perform

light to sedentary employment which does not involve repetitive bending, lifting or twisting with a weight limit of 15-20 pounds. (Tr. 203). The medical opinion of a treating physician is afforded controlling weight if that opinion is well supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record. 20 C.F.R. § 616.927(d)(2); Schall v. Apfel, 134 F.3d 496, 503 (2nd Cir. 1998).

The conclusion of treating physician, Dr. James White, is well supported by objective medical evidence. An MRI of the plaintiff's cervical spine on May 6, 1999 showed a normal lordotic curvature and the intervertebral disc spaces, interpedicular measurements, and neural foramina were all normal. (Tr. 225). On May 17, 1999 a CT scan of the plaintiff's cervical spine revealed mild diffuse bulges at the C4-5 and C5-6 levels without evidence of significant spinal, neural or foraminal stenosis or focal disc herniations. (Tr. 215). An MRI of the plaintiff's cervical spine was performed on July 22, 1999 that showed mild disc degeneration at the C4-5. C5-6, and C6-7 levels, a small central to left paracentral disc herniation without nerve root compression at the C5-6 level, and a small central disc herniation without nerve root compression at the C6-7 level. (Tr. 195). The results of this MRI showed no evidence of spinal stenosis, myelopathy, or intradural or extradural neoplasm. Id. On September 26, 2000 a cervical MRI performed by

Dr. P. Jeffrey Lewis revealed definite disc herniations at the C5-6 and C6-7 levels and minimal degenerative change at the C4-5 level. (Tr. 236). Dr. Lewis concluded that the plaintiff has restricted movement in her cervical spine and no definite weakness or sensory loss in the upper extremities. Id.

Consultative examiner, Dr. Pol Akman, examined the plaintiff on January 2, 2001 and concluded that Barrile has a mild restriction, and should avoid tasks requiring heavy lifting, pulling, pushing, tugging and repetitive motion of the neck. (Tr. 240). Dr. Akman noted that the plaintiff's cervical spine flexion, extension and lateral rotation were 20 degrees and during the Adson maneuver the plaintiff's right and left lateral rotation of the neck was 60 degrees with no discomfort observed. Dr. Akman opined that the plaintiff's motion of her hip, knee and ankle joints were grossly within normal limits and that upon sensory, vasculature and strength examination the plaintiff's upper extremities were grossly within physiological limits. Id. Barrile's gait was normal, her coordination was good and her mobility during the examination was "fairly good." (Tr. 239-40). Dr. Akman noted that plaintiff's forward bending had 80 degrees and that she was able to sit on the examination table, both legs extended with no discomfort. (Tr. 240). During the straight leg raising test the plaintiff was able to extend 80 degrees

bilaterally in a supine position and in a sitting position extension was normal. Id.

The plaintiff underwent a physical examination on August 16, 2000 by Dr. Elisabeth Taylor to assess the progress of her condition. (Tr.261-62). Upon examination Dr. Taylor noted that plaintiff was able to turn her head 60 degrees to the left with some pain, 75 degrees to the right, 60 degrees forward and backward without producing any pain. (Tr. 261). Dr. Taylor recommended physical therapy at Southtowns Physical Therapy, which the plaintiff began on August 18, 2000 with physical therapist, Gerald R. Schabel. (Tr. 262, 271). Barrile attended seven physical therapy sessions, during which Schabel noted improvements in comfort, posture, function, as well as strength and endurance with regard to the postural neck and upper back muscles. (Tr. 267).

Upon examination on February 8, 2001, neurologist, Dr. Eugene J. Gosey, concluded that the plaintiff has a mild, partial disability. (Tr. 270). Dr. Gosey stated that Barrile's "cervical range of motion is maintained except for mildly reduced retroflexion of the cervical spine by 50%." Dr. Gosey opined that plaintiff's vocational restrictions include no lifting greater than 20 pounds and no repetitive pulling and recommended vocational rehabilitation. Id. Upon examination of Barrile's medical record on January 8, 2001, consultative examiner, Dr. Janis Dale, opined that plaintiff can lift and/or carry 50 pounds occasionally, lift

and/or carry 25 pounds frequently, stand and/or walk about 6 hours a day, and sit for about six hours a day. (Tr. 245). After reviewing plaintiff's medical record on July 25, 2000, Dr. Verna Yu concluded that Barrile has no exertional or nonexertional limitations. (Tr. 228-35).

The conclusory statements by chiropractor, John Nowak, that the plaintiff is "totally disabled" are not supported by the medical evidence in the record. (Tr. 207, 217, 290-93). Factors used in weighing medical opinions include supportability from medical signs and laboratory findings and consistency with the record as a whole. 20 C.F.R. § 404.1527(d)(3), (4). Nowak's conclusions of total disability are not accompanied by any explanation or objective medical evidence and are inconsistent with the opinions of five other doctors. (Tr. 207, 217, 290-93, 203, 228-35, 239-43, 244-51, 269-70). A chiropractor is a medical source whose opinions are not granted controlling weight. Diaz v. Shalala, 59 F.3d 307, 313 (2nd Cir. 1995).

The plaintiff's claim that her medical impairments result in total disability is not supported by substantial evidence in the record. The extent of her medical disability, as found by the ALJ, does not rise to the level required by the Social Security regulations to support a claim of total disability within the meaning of the Act. Chiropractor, John Nowak is the sole medical opinion supporting Barrile's claim of disability. Accordingly,

there is substantial evidence in the record to support the ALJ's finding that the plaintiff is not disabled.

## CONCLUSION

For the reasons set forth above, I grant Defendant's motion for judgment on the pleadings, and dismiss plaintiff's complaint with prejudice.

ALL OF THE ABOVE IS SO ORDERED.

S/Michael A. Telesca

_____
    MICHAEL A. TELESCA
    United States District Judge

Dated:    Rochester, New York
          January 18, 2007